IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-96 |
| v. | ) | Judge Joy Flowers Conti |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| COMMUNITY COLLEGE OF | ) | |
| ALLEGHENY COUNTY, et al., | ) | Doc. No. 5 |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>ORDER</u>**

Pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 5), filed on March 5, 2007.  Defendants filed a Response in Opposition to the Motion for Leave to File an Amended Complaint (Doc. No. 7) on March 12, 2007.  The original Complaint was filed on January 25, 2007, having been removed from the Court of Common Pleas of Allegheny County by Defendants. No discovery has taken place and pending is a Motion to Dismiss, filed on January 29, 2007, to which a response has been filed by Plaintiff.

The motion for leave to file the amended complaint states a two fold purpose. First, to address a portion of the motion to dismiss and, second, to add a new count alleging interference with Plaintiff's rights under the Employee Retirement Income Security Act ("ERISA"). Defendants object to this filing saying they will be prejudiced and further averring that the ERISA claim is not pled with sufficient specificity.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires."  In *Foman v. Davis,* the Supreme Court delineated the grounds that would justify denying leave to amend: "undue delay, bad faith or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment". *Foman v. Davis,* 371 U.S. 178, 182 (1962).  The grant or denial of leave to amend is within the sound discretion of the district court; however, failure to provide a reason for denying leave to amend is considered an abuse of that discretion.  *Id.*; *see also In re Burlington Coat Factory Sec. Litig.,*114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Foman, supra*).

Amending a Complaint this early in the litigation causes little prejudice to the defending party and, in fact, is a more expeditious use of judicial resources than filing an independent complaint simply setting forth the ERISA cause of action. Secondly, if Defendants believe that the pleading of the added count is insufficient, the proper motion is one to dismiss or strike, which can be filed as a supplemental motion to the still pending Motion to Dismiss. Therefore,

**IT IS HEREBY ORDERED** that the Motion for Leave to File an Amended Complaint is **GRANTED;**

**IT IS FURTHER ORDERED** that Plaintiff's are to file the Amended Complaint no later than March 19, 2007;

**IT IS FURTHER ORDERED** that Defendants are to file any supplemental motions to dismiss no later than April 11, 2007, responses thereto to be filed within 20 days.

**IT IS FURTHER ORDERED** that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this order to the District Court.  Any opposing party shall have ten (10) days from the date of service of the appeal to respond thereto.  Failure to timely file an appeal may constitute a waiver of any appellate rights.

Dated: March 14, 2007

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Joy Flowers Conti
       United Stated District Judge

       All Counsel of Record
       *Via Electronic Mail*