IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-96 |
| | ) | Judge Joy Flowers Conti |
| COMMUNITY COLLEGE OF | ) | Magistrate Judge Lisa Pupo Lenihan |
| ALLEGHENY COUNTY, RICHARD | ) | |
| BETTERS, JUDY SAVOLSKIS, and | ) | |
| JEANNE SHADER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendants' Partial Motion to Dismiss be granted

as to Plaintiff's claim of wrongful discharge against Defendant Community College of Allegheny

County under Count IX of the Amended Complaint, and denied in all other respects.

### II. REPORT

This case involves claims related to alleged discriminatory and retaliatory workplace

treatment and termination of Plaintiff, Carla Smith ("Plaintiff").  Plaintiff has brought claims of

race, religion, and disability discrimination, as well as retaliation, all in violation of various

provisions of 42 U.S.C. § 1983 (violations of right to petition under the First Amendment, and of

equal protection under the Fourteenth Amendment); 42 U.S.C. § 1982 (interference with contract

rights on the basis of race); 42 U.S.C. § 2000e (suspension, disability benefit, and discharge

related discrimination on the basis of race and/or religion in violation of Title VII); 43 Pa.C.S.A.

§ 959 (suspension, disability benefit, and discharge related civil rights violations under the

Pennsylvania Human Relations Act (the "PHRA")); 42 U.S.C. § 12112 *et seq.* (discrimination

and/or failure to accommodate under the Americans with Disabilities Act (the "ADA"));

Pennsylvania common law wrongful discharge; and 29 U.S.C. § 1140 (interference with benefit

rights under ERISA).

Because Plaintiff cannot maintain a claim for wrongful discharge against CCAC,

Defendant's Partial Motion to Dismiss should be granted in this regard.  Because Plaintiff has

voluntarily withdrawn her claim of interference with ERISA benefits (Count X) in response to

Defendants' Partial Motion to Dismiss, this portion of said Motion should be denied as moot.

Finally,  Defendants' Partial Motion to Dismiss should, under our liberal federal pleading

requirements, be denied in all other respects as:

(1) Plaintiff has subsequently amended her Complaint to adequately address the

deficiencies raised with respect to the Title VII claims made in Counts IV and VI;

(2) Although the Amended Complaint continues to be inartfully drafted, it is sufficient,

under the standards applicable at this stage, to allege a claim  under the ADA and PHRA as made

in Count VIII; and

(3) Plaintiff has, under the liberal pleading standards by which she is given every benefit of the doubt at this juncture, adequately pled a wrongful discharge claim against the individual Defendants.

### A.  Statement of Facts and Procedural History

This case is a civil action for relief in consequence of Defendants' alleged discriminatory and/or retaliatory harassment and termination of Plaintiff.  Taking the facts as presented by Plaintiff:

Plaintiff, who is of African-American and American Indian descent and a Muslim, and who suffers anxiety and chronic back pain, alleges race, religion and disability discrimination, as well as retaliation, against her employer, Defendant Community College of Allegheny County ("CCAC"), and each of the individual Defendants.[1]  Defendant CCAC is an Allegheny County instrumentality  receiving public/government funding.

Plaintiff was employed by CCAC for eight (8) years, beginning in October, 1996.  At some time prior to January, 2004, she filed  charges of race discrimination with the PHRC and the EEOC.  See Amended Complaint at ¶¶ 6-12; 45.

In January, 2004, Plaintiff was involved in an altercation with a co-worker and suspended without pay.  Plaintiff again filed charges of discrimination with the PHRC and the EEOC, this time with respect to her suspension.  See id. at ¶¶ 22-28.

---

1.  Defendant Betters is Dean of Arts and Sciences at CCAC and Defendant Savolskis is Dean of Occupation Technologies; Plaintiff performed work for both these individuals.  Defendant Shader is Director of Human Resources at CCAC.

In February, 2004, Plaintiff became "emotionally distraught" and therefore unable to work and sought short-term disability benefits, worker's compensation, and an approved leave of absence.  "[O]ne of [Plaintiff]'s doctors reported . . . that [she] had suffered a work-related injury", but Plaintiff's claims were denied on the basis of Independent Medical Examiner (the "IME") assessment.  Plaintiff was off-work for approximately five (5) months without pay or disability payments.  She returned to work in late summer, 2004, but found it necessary "to take additional time off" in November, 2004 owing to "additional anxiety and lower back pain" owing to Defendants' discriminatory and/or retaliatory treatment.  Plaintiff was terminated for failing to attend work in December, 2004.  See id. at ¶¶ 29-40.  She filed charges with the PHRC and the EEOC as to her dismissal.

The further essential components of Plaintiff's Amended Complaint are as follows:

(1) that Defendant Betters used offensive racial references/epithets, and was otherwise involved in discriminatory/retaliatory treatment of Plaintiff;

(2) that Plaintiff's direct supervisor, Defendant Savolskis, unduly criticized Plaintiff, shifted undue work burdens to Plaintiff, required Plaintiff to punch in/out for lunch, and required her to submit to an Independent Medical Evaluation, owing to Defendant Savolskis' racial and religious prejudices and in retaliation for her claims of discrimination and/or disability; and that she was otherwise involved in discriminatory/retaliatory treatment of Plaintiff;

(3) that Defendant Shader participated in discrimination and/or retaliation against Plaintiff, such as requiring her to punch in/out for lunch and submit to an Independent Medical Evaluation; and played a role in Plaintiff's suspension, denial of her claimed disability benefits, and termination; and

(4) that Plaintiff generally suffered a hostile work environment and workplace

harassment by the individual defendants and others; was improperly disciplined, suspended,

denied disability benefits, and terminated; and generally suffered discriminatory and/or

retaliatory treatment because of her race, religion, disability, role as a union representative,

and/or complaints to the PHRC and EEOC.


### B.  Motion to Dismiss

The Court considering a motion to dismiss "must accept as true the factual allegations in

the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82

F.3d 63, 65 (3d Cir. 1996).  Moreover, a motion to dismiss for failure to state a claim may be

granted only if the plaintiff has failed to set forth sufficient facts to state a claim to relief that is

plausible on its face.  See  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (May 21, 2007).  Cf.

Conley v. Gibson, 355 U.S. 41 (1957).

The notice pleading standard of Fed. R. Civ. P. 8(a) "relies on liberal discovery rules and

summary judgment motions to define disputed facts and issues and to dispose of unmeritorious

claims" and "establishes a pleading standard without regard to whether a claim will succeed on

the merits."  Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 515 (2002).[2]  It does not require

---

2.  See also Keefer v. Durkos, 371 F.Supp.2d 686, 690 (W.D. Pa. 2005) (noting that in
considering a motion to dismiss the court is deciding only "if the plaintiff is entitled to offer
evidence to support claims") (citations omitted).

Plaintiff to present a detailed recitation of exact allegations or precise theories, nor does it

burden Plaintiff to prove her case as she must at trial.  To the contrary, it requires only a short

and plain statement of the claim showing that the pleader is entitled to relief.  See, generally,

City of Pittsburgh v. West Penn. Power Comp., 147 F.3d 256, 263 (3d Cir. 1998) (holding that

the court has "an obligation . . . to view the complaint as a whole and to base rulings not upon

the presence of mere words but, rather, upon the presence of a factual situation which is or is not

justiciable").

### C.  Analysis

### 1. Title VII Claims - Counts IV and VI

As is correctly noted in Defendants' Partial Motion to Dismiss, Title VII does not provide

relief for disability discrimination, which comprised the sole basis of these claims as originally

pled.[3]  Subsequent to Defendants' March 17, 2007 filing of its Partial Motion to Dismiss,

however, Plaintiff amended her Complaint to address several of its deficiencies.  The Amended

Complaint revises, in particular, its allegations in Counts IV and VI to assert race

discrimination/retaliation within the scope of Title VII.  Accordingly, Defendants' Motion to

Dismiss these Counts should be denied.[4]

---

3.  See Brief in Support of Partial Motion to Dismiss at 2 (noting that Title VII prohibits
discrimination on the basis of "race, color, religion, sex, or national origin"); see also Brennan v.
Nat'l Telephone Directory Corp., 881 F.Supp. 986, 996-97 (E.D. Pa. 1995).

4.  Although Plaintiff's revisions to her Amended Complaint reflect minor continuing reference
to disability discrimination (see, e.g., Count IV (less-than-clearly overlapping broad allegations
of  discrimination with references to EEOC charges that included claims of disability
discrimination)), Plaintiff has specifically pled that she revised "her complaint to remove any
(continued...)

**2. ADA and PHRA Claims - Count VIII**

Defendants assert that this Count must be dismissed because Plaintiff has failed to allege either that she was otherwise "qualified to perform the essential functions of her job", as required under the ADA and PHRA, or that "she suffers from a non-job related disability", as required under the PHRA.  See Defendants' Partial Motion to Dismiss at ¶¶ 10-14; Defendants' Brief in Support at 3.  While the Report notes that the Amended Complaint continues to be less than a model of clarity, it concludes that it is sufficient, within the applicable preliminary standards, to maintain the claim alleged.

Plaintiff's assertion of her ability to perform the essential functions of her job may be inferred from the language of her Complaints.  And the language of the Amended Complaint could be read, under the liberal standards applicable, to suggest some component of non-job related disability.  See, *e.g.*, Amended Complaint at ¶ 7 (asserting generally that Plaintiff "suffers anxiety and chronic back pain"); id. at ¶ 32 (alleging that her "*current* physical and mental status is due to work-related injuries") (emphasis added); id. at ¶ 39 (alleging that she suffered "*additional* anxiety and lower back pain as a result of the conduct of the Defendants") (emphasis added).

---

4. (...continued)
language that would suggestion an actionable injury for disability discrimination under Title VII."  Plaintiff's Reply Brief in Opposition at 1.  See also Plaintiff's Response and Memorandum of Law at 1 (acknowledging that disability discrimination is "not proscribed by Title VII").  The Report therefore concludes it sufficiently clear that Plaintiff has withdrawn such claims - which clearly could not be maintained - and has replaced them with Title VII claims based on racial and/or religious discrimination/retaliation.  See Amended Complaint at Counts IV and VI.

### 3. ERISA Claim - Count X

Plaintiff has, in response to Defendants' Partial Motion to Dismiss, voluntarily withdrawn this Count of her Amended Complaint and said Motion should therefore, in this respect, be denied as moot. See Plaintiff's May 12, 2007 Reply Brief in Opposition to Defendants' First and Supplemental Partial Motions to Dismiss.

### 4. Wrongful Discharge Claim - Count IX

This portion of Plaintiff's Amended Complaint asserts that she was fired in retaliation for filing a worker's compensation claim. See Amended Complaint at ¶ 106. Cf. id. at 42 (alleging that Plaintiff was fired due to "(a) her race; (b) her disabilities; (c) her previous filing of EEOC charges of discrimination; (d) her attempt to obtain Workers Compensation benefits; and (e) her attempts to obtain other benefits, including short term disability and a leave of absence"). An individual may file a claim for wrongful discharge in retaliation for the filing of a worker's compensation claim. See, e.g., Scott v. Sysco Food Servs. of Philadelphia, Inc., 1999 WL 554599 (E.D. Pa. June 18, 1999).

Defendants are, however, correct in their assertion that no such cause of action can be maintained under the Amended Complaint against the CCAC, as the CCAC is a local agency entitled to governmental immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 et seq. Numerous Federal and Pennsylvania Courts have recognized that the Act applies to bar claims of wrongful discharge. See, e.g., DeMuro v. Philadelphia Housing Authority, 1998 WL 962103, *4 (E.D. Pa. Dec. 22, 1998) (dismissing wrongful discharge claim and observing that allegations in complaint were intentional torts outside enumerated exceptions, and agency and individual employees were immune); McNichols v. Com., Dept. of Transp., 804 A.2d 1264

(Pa. Cmwlth. 2002) (dismissing complaint of wrongful discharge in retaliation for filing worker's compensation claim as barred by immunity).  See also Defendants' Brief in Support and cases cited therein.

Plaintiff cannot avoid the governmental immunity bar by asserting that her claim lies in contract, not in tort, as (1) she has made no factual allegations to support a contract claim and, moreover, (2) a plaintiff cannot avoid immunity under the Act by styling her wrongful discharge claim under a contract theory.  See Brief in Support at 7-8; Marinucci v. PennDot, 1987 WL 54476 (Pa. Com. Pl. Sept. 8, 1987) (rejecting plaintiff's contract premise, and holding that claim for wrongful discharge sounds in tort and is not within the Act's exceptions); DeMuro, *supra* (noting that complaint allegations comprised "intentional torts").  Cf. Sims v. Silber Springs-Martin Luther Sch., 625 A.2d 1297, 1302 (Pa. Cmwlth. 1993) (noting that if legislature had intended local agency to be liable for tort damages under contract theory, it would have included a contract exception under Act); Hammer v. City of Osage Beach, 318 F.3d 832 (8th Cir. 2003) (affirming district court's dismissal of wrongful discharge claim and concluding that (1) plaintiff failed to adequately plead "breach" of "contract" where count contained neither word and plaintiff only so stylized pleading after defendant raised immunity defense to state law tort claim, and (2) plaintiff did not have implied contract where there was no written contract of employment, which was at-will).

Plaintiff may, however, maintain at this Motion to Dismiss stage a wrongful discharge claim against the individual Defendants under the Amended Complaint.  As the DeMuro Court has duly noted, an individual employee's immunity may be abrogated if the injury is caused by the individual's "crime, actual fraud, actual malice or willful misconduct."  42 Pa.C.S.A. § 8550

(cited in 1998 WL 962103).  And such standard may be met where the plaintiff establishes that the individual knew or should have know that it was improper and/or a violation of social policy to terminate/orchestrate termination of the plaintiff, but did so anyway.  See Kuzel v. Krause, 658 A.2d 856, 860 (Pa. Cmwlth. 1995) (citing Renk v. City of Pittsburgh, 641 A.2d 289 (Pa. 1994)) (dismissing claim of wrongful discharge for worker's compensation against individual defendant where evidence was absent, but articulating standard).  Plaintiff's Amended Complaint may be read to so allege.

## III.  CONCLUSION

For the reasons set forth above, is respectfully recommended that the Defendants' Partial Motion to Dismiss be granted as to Plaintiff's claim of wrongful discharge against CCAC and denied in all other respects.

The Court deems it appropriate to emphasize at this time that the pleading before it is a Motion to Dismiss.  And while the allegations of Plaintiff's Complaint may not be strong, they are otherwise sufficient to raise valid claims and to meet the federal standard of notice pleading. See Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000) (noting that the issue on a motion to dismiss is not whether a plaintiff ultimately will prevail but whether she is entitled to offer evidence to support her claims).  To survive a subsequent motion for summary judgment and ultimately prevail, Plaintiff will, of course, have to offer a significantly ascending quantum of proof.

In accordance with the Magistrate Judges Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and

Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days

from the date of service to file objections to this Report and Recommendation.  Any party

opposing the objections shall have ten (10) days from the date of service of objections to respond

thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


 

_____
      LISA PUPO LENIHAN
      United States Magistrate Judge


Dated: August 9, 2007

cc:    The Honorable Joy Flowers Conti
       United States District Judge